UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  21-cv-07822-SVK<br><br>**ORDER FOR BRIEFING ON SUBJECT MATTER JURISDICTION** |

In reviewing the motion pending before it, Plaintiff's motion to supplement the administrative record, the question of whether this Court has subject matter jurisdiction over this action has arisen, a question which must be resolved before the Court can proceed.

By way of relevant background, in the Complaint in this case, Plaintiff, acting *pro se*, states that he seeks review of a "final decision of the Commissioner [of Social Security]" regarding his claim for disability benefits and alleges that the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  Dkt. 1.  That section provides, in relevant part:

> **(g) Judicial review**
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia . . .

42 U.S.C. § 405(g).

In the Answer to the Complaint, the Commissioner "admits the factual allegations of the complaint to the extent that they establish that Defendant has issued a final decision with regard to

1  Plaintiff's benefits under the Social Security Act; that Plaintiff has exhausted the mandatory
2  administrative remedies; and that Plaintiff brought this action timely." Dkt. 20 ¶ 1.
3        On September 13, 2022, Plaintiff filed a document styled "Petition for Order Directing
4  Commissioner of Social Security to Electronically Lodge Complete Administrative Record."
5  Dkt. 28. On September 15, 2022, the Court issued an order stating that it would treat Plaintiff's
6  filing at Dkt. 28 as a motion to supplement the administrative record and ordering the
7  Commissioner to respond. Dkt. 30. The Commissioner filed its response to the motion to
8  supplement the administrative record as ordered. Dkt. 31.
9        In reviewing the motion to supplement the administrative record, the Court notes the
10 following:

- Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on March 17, 2017. *See* Dkt. 21 ("Administrative Record" or "AR") at 67.
- At the February 7, 2018 ALJ hearing, Plaintiff, through his representative, asked to withdraw his request for a hearing. *See* AR 73-80.
- On that basis, the ALJ dismissed Plaintiff's request for a hearing in an order dated February 14, 2018. AR 67.
- Plaintiff appealed the ALJ's dismissal to the Appeals Council, which denied his request for review. AR 1.

It thus appears from the record that due to his waiver, Plaintiff did not receive an ALJ hearing on the merits of his claim for disability benefits.

      Based on the current record and the applicable law, the Court has a concern about whether it has subject matter jurisdiction over this case. Neither party has raised the issue, but the Court has an independent duty to ensure that it has subject matter jurisdiction. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011). Specifically, given that section 405(g) provides for judicial review of a final decision of the Commissioner "made after a hearing," the Court **ORDERS** the Parties to brief the issue of whether, in light of Plaintiff's waiver of an ALJ hearing, the Court has subject matter jurisdiction over this case. As the Party invoking the Court's jurisdiction, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction.

2

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). However, in deference to Plaintiff's *pro se* status, the Court will require the Commissioner to file the opening brief on this issue. The briefing schedule is as follows:

- Commissioner's brief on subject matter jurisdiction is due **December 7, 2022.**
- Plaintiff's response on subject matter jurisdiction is due **January 23, 2023**.
- The Court will set a hearing if necessary.

The Court **DEFERS** a ruling on Plaintiff's pending motion to supplement the administrative motion (Dkt. 28) until it determines whether subject matter jurisdiction exists.

**SO ORDERED.**

Dated: November 7, 2022

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge