UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.W.,<br><br>           Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No. 21-cv-07822-SVK<br><br>**ORDER ON PLAINTIFF'S MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**<br><br>Re: Dkt. No. 28 |

## I.  INTRODUCTION AND FACTUAL BACKGROUND

On October 5, 2021, Plaintiff filed the Complaint in this action, which challenges a decision of the Commissioner of Social Security on Plaintiff's application for disability benefits. Dkt. 1.  The case was reassigned to the undersigned after all Parties consented to proceed before a magistrate judge.  Dkt. 11, 13, 14, 15.

Defendant filed an Answer and the Administrative Record on April 11, 2022.  Dkt. 20, 21. On September 13, 2022, Plaintiff filed a document entitled "Petition for Order Directing Commission of Social Security to Electronically Lodge Complete Administrative Record" and Plaintiff's supporting declaration.  Dkt. 28-29.  In a subsequent order, the Court informed the Parties that it would treat Plaintiff's filing at Dkt. 28-29 as a Motion to Supplement the Administrative Record (the "Motion") and ordered briefing on the Motion.  Dkt. 30.

After reviewing the Parties' briefing on the Motion, the Court ordered additional briefing on the question of whether the Court has subject matter jurisdiction.  Dkt. 32.  The Court deferred a ruling on the Motion until it determines whether subject matter jurisdiction exists.  *Id.*  The Parties submitted briefs on subject matter jurisdiction, as ordered.  Dkt. 33, 34.

For the reasons discussed below, the Court concludes that it has subject matter jurisdiction in this action and **DENIES** Plaintiff's Motion to Supplement the Administrative Record.  The Court also sets a schedule for the remaining proceedings in this action.

## II. SUBJECT MATTER JURISDICTION

As discussed above, after reviewing Plaintiff's Motion to Supplement the Administrative Record, the Court raised the question of whether it has subject matter jurisdiction over this case, even though neither Party raised the issue. *See* Dkt. 32. In their briefs on subject matter jurisdiction, both sides took the position that the Court has subject matter jurisdiction. *See* Dkt. 33. 34. The Court nevertheless has an independent duty to ensure that it has subject matter jurisdiction. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011).

As the Party invoking the Court's jurisdiction, Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In support of their arguments that the Court has subject matter jurisdiction, both Parties cite 42 U.S.C. § 405(g). *See* Dkt. 33 at 2; Dkt. 34 at 22; *see also* Dkt. 1 (statement in Complaint that Plaintiff seeks review of a "final decision of the Commissioner [of Social Security]" regarding his claim for disability benefits and alleges that the Court has jurisdiction pursuant to 42 U.S.C. § 405(g)). That section provides, in relevant part:

> **(g) Judicial review**
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia . . .

42 U.S.C. § 405(g).

The Court noted the following in its order requiring supplemental briefing on subject matter jurisdiction (Dkt. 32):

- Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on March 17, 2017. *See* Dkt. 21 ("Administrative Record" or "AR") at 67.
- At the February 7, 2018 ALJ hearing, Plaintiff, through his representative, asked to withdraw his request for a hearing. *See* AR 73-80.

2

- On that basis, the ALJ dismissed Plaintiff's request for a hearing in an order dated February 14, 2018. AR 67.
- Plaintiff appealed the ALJ's dismissal to the Appeals Council, which denied his request for review. AR 1.

The Court's order for briefing on subject matter jurisdiction stated that "[i]t thus appears from the record that due to his waiver, Plaintiff did not receive an ALJ hearing on the merits of his claim for disability benefits." Dkt. 32.

The Parties' supplemental briefing further explains the relevant procedural history. The Commissioner explains that the ALJ convened a hearing in February 2018 at which Plaintiff began to testify. Dkt. 33 at 2. According to the Commissioner, Plaintiff testified that he was working for Knowledge Learning Corporation at the time; the ALJ explained to Plaintiff that his employment would make him ineligible for disability benefits; Plaintiff had a discussion with his attorney off the record; Plaintiff's attorney then stated on the record that Plaintiff would be withdrawing his disability claim; the ALJ explained the consequences of withdrawing the claim and Plaintiff said he understood; and the ALJ then accepted Plaintiff's request to withdraw his claim. *Id.* (citing AR 72-80). Plaintiff agrees that the ALJ convened a hearing and that he was sworn in and began to testify, although he argues that the ALJ erred in dismissing his claim. Dkt. 34 at 16-31. After the hearing, the ALJ issued an order dismissing Plaintiff's request for a hearing. Dkt. 33 at 2 (citing AR 67). Plaintiff filed a request for review, which the Appeals Council denied. Dkt. 33 at 2 (citing AR 1-2, 61). Plaintiff now seeks judicial review. Dkt. 1.

After reviewing the Parties' briefing on subject matter jurisdiction, the record in this case, and relevant legal authorities, the Court concludes it has subject matter jurisdiction. The Supreme Court has held that section 405(g)'s "condition" on judicial review "consists of two elements": a non-waivable, "jurisdictional" "requirement that a claim for benefits shall have been presented to the [Commissioner]," and a "waivable … requirement that the administrative remedies prescribed by the [Commissioner] be exhausted." *Mathews v. Eldridge,* 424 U.S. 319, 328 (1976).

The Commissioner takes the position that Plaintiff satisfied the nonwaivable "presentment" requirement because he presented his claim for benefits to the agency by filing his

3

1  applications for disability insurance and supplemental security income, and he also presented to
2  the agency the question on which he now seeks judicial review: whether the dismissal of his
3  request for hearing was appropriate. Dkt. 33 at 3.
4     A recent Supreme Court case explains the second, "waivable" element requiring
5  exhaustion of administrative remedies in section 405(g) as follows:

> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. See 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith v. Berryhill,* 139 S. Ct. 1765, 1772 (2019). In *Smith*, the claimant received an "ALJ hearing on the merits" but his request for Appeals Council review of the ALJ decision was untimely. *Smith*, 139 S. Ct. at 1775. However, *Smith* stated that "an ALJ hearing is not an ironclad prerequisite for judicial review." *Id* at 1774.

On this second, "waivable" element, the Commissioner states that in the present case "Plaintiff did not waive his right to an ALJ hearing" because he "appeared at a hearing before the ALJ and asked to withdraw his request for a hearing." *Id.* However, the Commissioner also states that it "agrees with the Court's understanding that Plaintiff did not receive an ALJ hearing *on the merits.*" *Id.* (citing Dkt 32 at 2) (emphasis in original). The fact that Plaintiff did not receive an ALJ hearing on the merits distinguishes this case from *Smith*. However, in a decision since *Smith* the Eleventh Circuit found that the second "waivable" element could be satisfied even though the plaintiff in that case did not receive an ALJ hearing on the merits because he failed to appear for the scheduled hearing. *Wilson v. Commissioner of Soc. Sec.*, No. 21-10278, 2021 WL 3878252 (11th Cir. 2021) (per curiam). In finding "grounds to believe" that the plaintiff "satisfied the waivable requirement of exhaustion of the administrative remedies prescribed by the Commissioner," that court noted that the plaintiff had "received a claim-ending determination from the agency's last in-line decisionmaker, the Appeals Council"; *Smith* states that an ALJ hearing "is not always required"; and "interpreting § 405(g) to preclude judicial review in [that]

4

case would make the agency the unreviewable arbiter of whether a claimant established good cause for failing to appear at an ALJ hearing, which tends to clash with Congressional intent and the presumption of judicial review." *Id.* at *3 (internal quotation marks and citations omitted).

Although the Court has not located and the Parties have not cited a case on all fours with the facts of this case, the Court finds it unnecessary to decide whether in all circumstances the situation presented here—in which the claimant decided during an ALJ hearing to withdraw his request for a hearing, the ALJ dismissed the request for hearing on that basis, and the Appeals Council denied review—satisfies the second, waivable requirement for exhaustion of administrative remedies because in this case the Commissioner has expressly and unambiguously stated that "the agency waived reliance on that exhaustion requirement by answering this case, and it continues to waive reliance on that requirement."  Dkt. 33 at 3; *see also Wilson*, 2021 WL 3878252, at *3 (stating that court need not decide whether there has been a "final decision … made after a hearing" because Commissioner expressly waived any objection on exhaustion grounds).[1]

Accordingly, the Court concludes that it has subject matter jurisdiction in this case.

### III. PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Turning now to Plaintiff's Motion to Supplement the Administrative Record, Plaintiff argues that the administrative record filed by the Commissioner improperly omits Plaintiff's medical treatment records.  *See* Dkt. 28 at ¶ 8.  The Commissioner responds by arguing that because the Court is reviewing the ALJ's decision to dismiss Plaintiff's request for a hearing based on Plaintiff's request to do so, it is not necessary for the AR to include Plaintiff's medical records.  Dkt. 31 at 2.  According to the Commissioner, "the ALJ's order was based on a purely procedural basis" and "the ALJ did not rely on any medical records or make any decisions as to

---

[1] The Commissioner states that she "is still in the process of determining" whether the Supreme Court's decision in *Smith v. Berryhill* "affects her position on judicial review of ALJ dismissals" but reiterates that "for purposes of this case, the Commissioner has waived any argument against judicial review."  Dkt. 33 at 4.

the substantive merit(s) of Plaintiff's claim for disability." *Id.*

In this case, the Court is reviewing the Commissioner's decision to dismiss Plaintiff's request for a hearing, which was decided on procedural grounds. In *Smith*, the Supreme Court explained that "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith*, 139 S. Ct. at 1780. Although the Parties have not yet submitted briefs on the merits, in the "ordinary course" if the Court decides that the ALJ's dismissal order was erroneous, the Court would remand the case to the Commissioner to consider the merits of Plaintiff's disability claim in the first instance. *See id.* Accordingly, Plaintiff's Motion to Supplement the Administrative Record is **DENIED**. If in reviewing the Parties' upcoming merits briefs the Court finds that the existing administrative record is inadequate, it will order supplementation of the record at that time.

## IV.     CONCLUSION AND CASE SCHEDULE

For the foregoing reasons, the Court concludes it has subject matter jurisdiction over this action and **DENIES** Plaintiff's Motion to Supplement the Administrative Record.

The original procedural order in this case, issued on October 5, 2021, set forth a schedule for the Parties to submit cross-motions for summary judgment, as was the standard practice at that time. Dkt. 4. On December 1, 2022, Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) took effect, which establish a "simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record" and "displace[] summary judgment … as the means of review on the administrative record." *See* Supplemental Rules and 2022 Advisory Committee Note at https://www.law.cornell.edu/rules/frcp/supplemental-rules-for-social-security-actions-under-42-U.S.C.-405-g. In an order dated April 11, 2022, the Supreme Court issued a statement that the

Supplemental Rules "shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.

https://www.supremecourt.gov/orders/courtorders/frcv22_b8dg.pdf.

Finding it just and practicable, and to facilitate the efficient disposition of this case by the Court, the Court **ORDERS** the Parties to prepare and file briefs as contemplated by Rules 6, 7, and 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) on the following schedule:

Plaintiff's brief due:  March 23, 2023

Commissioner's brief due:  April 24, 2023

Plaintiff's reply brief due:  May 8, 2023

**SO ORDERED.**

Dated: February 21, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge

7