UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.W.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  21-cv-07822-SVK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 38, 42 |

## I.    INTRODUCTION

This dispute comes before the Court in an unusual procedural posture.  In short, at the time of the administrative hearing on Plaintiff's application for Social Security disability benefits, the Administrative Law Judge ("ALJ") concluded upon review of the record that Plaintiff's work history did not reflect the requisite period of time without earnings to qualify for benefits.  This concern led to discussions among the ALJ, counsel, and Plaintiff pursuant to which Plaintiff withdrew his request for a hearing and, in light of the withdrawal, the ALJ dismissed the claim.  Plaintiff now complains, among other issues, that the ALJ's conclusion regarding his earnings was based on a mistake of fact.  This Court, upon a review of the record that necessarily includes the hearing transcript, finds that the record regarding Plaintiff's earnings is at best ambiguous and therefore remands this action for further proceedings.

## II.    RELEVANT BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act in October 2016, alleging that he became disabled on December 1, 2007.  Dkt. 21 - Certified Administrative Record ("AR") – at AR 178-179, 180-85.  After the Social Security Administration denied the claims both initially and upon reconsideration, an ALJ convened a hearing on February 7, 2018.  AR 68-81, 126-31, 134-40. Pursuant to a discussion at the hearing between the ALJ, Plaintiff, and Plaintiff's attorney, the ALJ

issued an order on February 14, 2018 dismissing Plaintiff's request for a hearing. AR 64-67. Plaintiff filed a request for Appeals Council review of the ALJ's decision. AR 61. The Appeals Council denied Plaintiff's request for review in August 2021. AR 1-2. In this case, Plaintiff seeks judicial review of the Defendant Commissioner's decision under 42 U.S.C. § 405(g). The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 11, 13.

After the Commissioner filed the AR, Plaintiff filed a petition arguing that the administrative record was incomplete. Dkt. 28-29. The Court directed that Plaintiff's petition would be treated as a motion to supplement the administrative record and set a briefing schedule. Dkt. 30. In reviewing the briefing on Plaintiff's motion, the Court ordered additional briefing on the issue of whether it has subject matter jurisdiction over this case. Dkt. 32. Following the additional briefing, the Court issued an order in which it concluded that this Court has subject matter jurisdiction, denied Plaintiff's motion to supplement the AR, and set a schedule for further proceedings. Dkt. 36.

Now before the Court are the Parties' cross-motions for summary judgment. Dkt. 38 (Plaintiff's motion for summary judgment);[1] Dkt. 42 (Defendant's cross-motion for summary judgment). The cross-motions for summary judgment are now ready for decision without oral argument. *See* Civ. L.R. 16-5.

**III.   ISSUE FOR REVIEW**

1. Did the ALJ properly dismiss Plaintiff's request for a hearing?

**IV.   STANDARD OF REVIEW**

This Court is authorized to review the Commissioner's decision to deny Social Security benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

---

[1] Plaintiff's motion for summary judgment at Dkt. 38 is a corrected version of Dkt. 37. Dkt. 37 is therefore **TERMINATED**, and in this order the Court will address Dkt. 38.

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id*.

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted).

**V.    DISCUSSION**

    **A.    Plaintiff's Hearing**

The ALJ in this case dismissed Plaintiff's request for a hearing on the basis that Plaintiff, through his representative, asked to withdraw the request. AR 67. The ALJ's order of dismissal stated:

> The record in this action shows that the claimant was fully advised of the effects of this action, including dismissal of the request for hearing with the result that the reconsideration determination would remain in effect. The undersigned is satisfied that the claimant understands the effects of his withdrawal of the request for hearing.

*Id.* As a result of the dismissal of Plaintiff's request for a hearing, the reconsideration determination dated February 16, 2017, which concluded that Plaintiff was not eligible for benefits, remained in effect. *Id.*

The ALJ's order of dismissal facially complies with Social Security regulations which, as discussed in Section V.B. below, permit an ALJ to dismiss a claimant's request for hearing upon request of the claimant. However, the ALJ's dismissal order must be viewed in the context of the discussion initiated by the ALJ at the hearing that prompted claimant to ask to withdraw his request for a hearing, which related to the issue of whether Plaintiff had engaged in substantial gainful activity ("SGA") that would preclude him from receiving Social Security benefits.

After Plaintiff was sworn in, the ALJ questioned him as follows:

> Q: Okay. Now are you still working?
>
> A: Yes.
>
> Q: Okay. And are you working at Knowledge Learning Corporation?
>
> A: Yeah, still there.

AR 72. Immediately following this exchange, the ALJ introduced exhibits into the record, then stated as follows:

> ALJ: Now, if you could look at 6D, please, and 7D, two earnings. You will see that the records are showing SGA earnings as far as we go. We go up to the first quarter of 2017. [Plaintiff] just testified that he's still working, so I do not have 12 months of non-SGA earnings or --

AR 72-73. Plaintiff's attorney then stated:

> ATTY: That's correct, Your Honor. I -- in my review of the file just recently, I noticed that, and --

AR 73.

The ALJ then addressed Plaintiff as follows:

> Q: The […] issues is that under the law […]
> Q: -- what Congress passed, we can't pay benefits. It doesn't matter we don't get to determining if you have a disabling

4

> condition or not, because SGA is what we -- is our shorthand for substantial gainful activity. It's an amount . It changes every year. The Commissioner determines how much it is. And like, for example, this year, it is $1,180 a month. If you earn that much, you're not entitled to benefits, period. As I said, it doesn't matter what your physical condition is or your mental condition, it's just you're not entitled to benefits. And the last -- as I said, what I -- my last one is the first quarter of 2017, you earned $8,629. I'm showing SGA wages the entire period: 2016; 2015. So I just can't find you disabled and qualified for benefits with that. I applaud you for working even though you have a seizure disorder and problems, but we have to have a period where you're not earning money before we can determine benefits.
>
> A: Okay . How long should that --
>
> Q: Generally, it's 12 months.

*Id.*

The ALJ asked Plaintiff's counsel if he had talked to Plaintiff "about just withdrawing his application, so he doesn't have a denial on the record?" AR 74.  Plaintiff's counsel indicated that he had not discussed the issue with Plaintiff but asked to speak with him for a moment. *Id.*  After an off-the-record discussion, Plaintiff's counsel stated that he had spoken to Plaintiff "and he would make a motion to withdraw the claim at this point." AR 75.  The ALJ explained to Plaintiff that "the previous denial from the reconsideration folks," which stated he was not entitled to benefits, "is left in effect." *Id.*

Plaintiff then asked to speak and explained that he had a bike accident in 2016 following a seizure.  AR 76.  The ALJ and Plaintiff then had the following exchange:

> ALJ: Yeah, I can't go against the law.
>
> CLMT: Yeah. Yeah, exactly. I understand that, too.
>
> ALJ: And that's it's just -- and in fact, even if I did, if I tried to approve it, the paying benefits folks, as soon as they got it, would call up the office and say, hey, he's got all these earnings, you know?
>
> CLMT: Yeah.
>
> ALJ: What is it's just -- I mean , this part of it is really cut and dried.

5

CLMT: I know. I understand.

AR 76-77. After Plaintiff explained that "it's sort of a crunch between my job and the doctors" and that he has to "leave work to visit the doctor constantly" and has to "miss work constantly," the ALJ stated that if a time came when Plaintiff could not work "there is no reason you can't reapply for benefits" and "by withdrawing your application, there is absolutely no effect." AR 77. The ALJ went on to comment that it was "[v]ery weird" that no one had mentioned the SGA issue to Plaintiff earlier "because usually, at the field office, they pull up the earnings statement while you're there, and they show it to you." AR 79.

Near the end of the hearing, the ALJ stated that she accepted Plaintiff's motion to withdraw the application, which "will leave in effect the finding that you're not disabled at this time [and] [y]ou're not entitled to benefits." AR 80. The ALJ stated that "if I issued a Decision, then next time you filed an application, my Decision would be there on the record, and then there are some legal hurdles you have to go through to – so that it doesn't apply indefinitely into the future and things, so this is cleaner … since there's nothing that can be done, you know. This will – this leaves you a blank slate for the future." *Id.*

### B. Statutory framework behind an ALJ hearing

To evaluate the ALJ's dismissal of Plaintiff's request for a hearing in this case, it is necessary to review the relevant statutory framework. A claimant's applications for DIB and SSI benefits are initially decided by a state disability examiner. *See* 20 C.F.R. § 404.900; 20 C.F.R. § 416.1400.[2] If the agency denies the claim initially, the claimant may request reconsideration of the denial by a different disability examiner. 20 C.F.R. § 404.900(a)(2). If the agency denies the claim at reconsideration, the claimant may request a hearing, and the case is sent to an ALJ who works for the Social Security Administration. 20 C.F.R. § 404.900(a)(3). The ALJ issues a written decision following the hearing. *Id.* If the ALJ denies the claim, the claimant may request

---

[2] The DIB and SSI regulations relevant to this case are virtually identical, and therefore only the DIB regulations are cited in the remainder of this order. Parallel SSI regulations are found in 20 C.F.R. § 416.900-416.999 and correspond with the last two digits of the DIB cite (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

6

1   review by the Appeals Council.  20 C.F.R. § 404.900(a)(4).  If the Appeals Council denies review
2   of the ALJ's decision, that constitutes the final decision of the Commissioner of Social Security,
3   and within 60 days the claimant can file a civil action in United States District Court requesting
4   review of the final decision.  42 U.S.C. § 405(g).  A prerequisite to bringing such a civil action is
5   that the Commissioner's final decision be made following an ALJ hearing.  *Id.*

6   An ALJ may dismiss a claimant's request for a hearing under certain circumstances
7   specified in the Social Security regulations, including where "[a]t any time before notice of the
8   hearing decision is mailed, [the party] that requested the hearing ask[s] to withdraw the request."
9   20 C.F.R. § 404.957(a).  Such a withdrawal request "may be submitted in writing to the
10  administrative law judge or made orally at the hearing."  *Id.*  The Social Security Administration's
11  Hearings, Appeals and Litigation Law Manual ("HALLEX"), which sets forth "guiding principles
12  and procedures" to agency staff including ALJs, requires that before an ALJ can dismiss a request
13  for a hearing following a claimant's voluntarily withdrawal, the "record must show" that "the
14  claimant understands the effects of the withdrawal (i.e., that the request for hearing will be
15  dismissed and the dismissal will be binding unless it is vacated)" and "the ALJ determines that
16  dismissal is appropriate."  HALLEX I-1-0-3, I-2-4-20.[3]

17  **C.    SGA Legal Framework**

18  To interpret the discussion at the hearing that led to the dismissal of this case, which is set
19  forth in Section V.A. above, the Court also considers the rules concerning SGA as they relate to
20  claims for Social Security benefits.  According to the Social Security Act, a disability means an
21  "inability to engage in any substantial gainful activity by reason of any medically determinable
22  physical or mental impairment which can be expected to result in death or which has lasted or can
23  be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).
24  It follows that a claimant who is engaged in SGA cannot be found disabled, no matter what his
25  medical condition, age, education, or work experience.  20 C.F.R. § 404.1520(b).  The activity

---

[3] HALLEX "does not carry the force of law" and is "not binding on the agency."  *Roberts v. Comm'r of Soc. Sec.*, 644 F.3d 931, 933 (9th Cir. 2011) (internal quotation marks and citations omitted).

must be both substantial and gainful.  "Substantial work activity is work activity that involves doing significant physical or mental activities," even if it that work is done on a part-time basis or with reduced wages or responsibilities than the individual's former work.  20 C.F.R. § 404.1572(a); *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 292 (9th Cir. 1992) (citing *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990)).  "Gainful work activity is work activity that [a claimant] do[es] for pay or profit."  20 C.F.R. § 404.1572(b).  "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."  *Id.; see also Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994).

A presumption of SGA arises if a claimant earns, on average, more than the amounts specified in the Social Security guidelines.  *Keyes*, 894 F.3d at 1056; *see also* 20 C.F.R. § 404.1574(a)(1), (b)(1) ("Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity.").  However, "[t]he mere existence of earnings over the statutory minimum is not dispositive."  *Keyes*, 894 F.2d at 1056.  Instead, "[t]he presumption is rebuttable by the claimant."  *Corrao*, 20 F.3d at 948.  Factors to be considered in determining whether the presumption is rebutted include "the responsibilities and skills required to perform the work, the amount of time the individual spends working, the quality of the individual's work, [and] special working conditions."  *Id.*; *see also Keyes*, 894 F.2d at 1056 ("The claimant may rebut a presumption based on earnings with evidence of his inability to be self employed or to perform the job well, without special assistance, or for only brief periods of time."); 20 C.F.R. § 404.1574(a)(2), (3) (in determining whether the claimant has done SGA, the agency does not consider "any income that is not directly related to [the claimant's] productivity," such as where the work is being subsidized or the claimant is working in a sheltered or special environment).

**D.     Review of the Record**

Although Plaintiff agreed following the discussion of SGA at the hearing to withdraw his request for a hearing, he now argues that the ALJ's conclusion about his SGA was based on a mistake of fact.  *See* Dkt. 38 at 13.  Specifically, Plaintiff argues that his average monthly income in 2017 did not meet the limit that would give rise to a presumption of SGA.  *Id.*

8

1 As indicated above, the hearing at which the ALJ raised the issue of Plaintiff's SGA took
2 place on February 7, 2018.  AR 68.  The ALJ stated that the records showed SGA earnings "up to
3 the first quarter of 2017" and that Plaintiff "just testified that he's still working, so I don't have 12
4 months of non-SGA earnings."  AR 72-73.  However, the record concerning whether Plaintiff had
5 SGA in the 12 months before the hearing is unclear.  Supporting the ALJ's conclusion regarding
6 Plaintiff's SGA is his testimony at the hearing that he was "still" working for the same employer,
7 Knowledge Learning Corporation.  AR 72.  The ALJ did not question Plaintiff and there is no
8 other evidence in the hearing transcript of the amount of work he was performing or the wages he
9 had received.  At the hearing, the ALJ referred to Exhibits 6D and 7D, which are wage and
10 earnings reports.  *See* AR 208-216.  The ALJ's reference to records showing SGA earnings in the
11 first quarter of 2017 (*see* AR 72) appears to be a reference to a report dated September 19, 2017
12 that states that Plaintiff was paid wages of $8,629 in the first quarter of 2017.  AR 208.  However,
13 the same report explains that as used in the report "QUARTER MEANS WHEN THE
14 PAYMENTS WERE MADE."  AR 209.  Thus, this single entry does not establish that the wages
15 Plaintiff received in the first quarter of 2017 were for work performed in that quarter.  Moreover,
16 even if Plaintiff had performed some work in the first quarter of 2017, that would not rule out the
17 possibility that the work was performed early in that quarter and that Plaintiff nevertheless had 12
18 months without SGA before the February 7, 2018 ALJ hearing.  In addition, several portions of
19 the AR contradict the wage report for the first quarter of 2017 because they indicate that Plaintiff
20 did not receive any income in 2017.  *See* AR 198 (Kindercare Education LLC income of "NONE"
21 for 2017), AR 205 (same), AR 199 (no entry for 2017 in list of annual income from Kindercare),
22 AR 207(wage earnings of ".00" for 2017); *see also* AR 186 (earnings report for "Yrs:2002-2017"
23 with no entry for 2017).  A wage report in the record also indicates that the wages paid to Plaintiff
24 ////
25 ////
26 ////
27 ////
28 ////

dropped from $7,734 in the third quarter of 2016 to $5,784 in the fourth quarter of 2016. AR 208.[4] Plaintiff stated at the hearing that he had a bicycle accident in 2016 and at the time of the hearing in February 2018 was missing work frequently. AR 77. Therefore, even if Plaintiff was still working in the same job as of February 2018, it does not necessarily follow that he was earning income at the same level as previous years.

Accordingly, from the existing record it is unclear whether Plaintiff's earnings in the 12 month period before the February 7, 2018 ALJ hearing reached the limit that would give rise to a presumption that Plaintiff had engaged in SGA.

Moreover, as indicated above, the record is silent on any facts that might have rebutted the presumption of SGA. Although normally the claimant bears the burden of rebutting the SGA presumption, in the procedural posture of this case Plaintiff cannot be faulted for the absence of rebuttal evidence in the record. The agency did not cite SGA as a ground for denying Plaintiff's claim either originally or on reconsideration. *See* AR 126-140. Indeed, the ALJ commented at the hearing that it was "[v]ery weird" that no one from the agency had mentioned the SGA issue to Plaintiff earlier. AR 79. In addition, although a claimant's income may establish a presumption that he is engaged in SGA, "these guidelines are only a presumption and do not relieve an ALJ of the duty to develop the record fully and fairly." *Corrao*, 20 F.3d at 948. The ALJ did not fulfill that duty here.

## VI. CONCLUSION

Based on the facts of this case, the Court cannot conclude that the ALJ was correct in her statements to Plaintiff that "we can't pay benefits" because he had engaged in SGA (*see* AR 73), which is what prompted Plaintiff to agree to dismissal of his request for a hearing. Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** the Commissioner's cross-motion for summary judgment on this issue. This matter is remanded for further

---

[4] Plaintiff filed a declaration with his summary judgment reply brief in which he makes certain statements about his income in 2017. *See* Dkt. 43-1 ¶¶ 53-54. However, because this declaration was not filed with Plaintiff's original summary judgment motion, the Court does not consider the statements made in Plaintiff's declaration. The Court does not reach the question of whether a party may submit evidence by declaration in an action for review on an administrative record.

proceedings. The Court does not reach the other issues raised by Plaintiff in his motion for summary judgment.

**SO ORDERED.**

Dated: September 7, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge